**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ELIJAH BURKE SWALLOW | § | |
| VS. | § | CIVIL ACTION NO. 1:17cv473 |
| JEFFERSON COUNTY CORR. FACILITY | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Elijah Burke Swallow, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the Jefferson County Correctional Facility. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Plaintiff alleges he was improperly restrained for several months at the facility. In addition to naming the facility as a defendant, he also named the former sheriff of Jefferson County and employees at the facility as defendants. The claims against the individual defendants were severed into a separate lawsuit.

As the Jefferson County Facility is not an entity which is subject to being sued, the Magistrate Judge liberally construed plaintiff's claim as being asserted against Jefferson County. The Magistrate Judge concluded plaintiff had failed to state a claim because he had not demonstrated that the harm he suffered was the result of an official policy or custom of Jefferson County.

**\*\*NOT FOR PRINTED PUBLICATION\*\***

In his objections, plaintiff states that the former sheriff of Jefferson County neglected his responsibility to protect inmates at the correctional facility from mistreatment. He states that applicable regulations required the former sheriff to protect inmates. Plaintiff contends that the former sheriff's neglect resulted in employees at the facility acting in an unconstitutional manner. He states that if the former sheriff had fulfilled his responsibilities, his employees would have acted properly.

After considering plaintiff's objections, the court agrees that plaintiff has failed to state a claim against Jefferson County. Jefferson County cannot be vicariously liable for the actions of its employees. *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017). It can only be liable if an official policy or custom of the county led to the constitutional violation. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010). A complaint's "description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997).

Plaintiff acknowledges that he cannot point to a policy of Jefferson County that led to the harm he suffered. Nor has he shown that unwritten practices at the correctional facility, which led to the constitutional violations, were so common as to constitute a custom that fairly represents county policy. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). While plaintiff's allegations regarding the former sheriff neglecting his responsibilities may state a claim against the former sheriff, they are insufficient to state a claim against the Jefferson County. As plaintiff has failed to show that a custom or policy of Jefferson County led to the constitutional violations complained of, he has failed to state a claim against the county upon which relief may be granted.

## ORDER

Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final

\*\*NOT FOR PRINTED PUBLICATION\*\*

judgment shall be entered dismissing this lawsuit in accordance with the recommendation of the Magistrate Judge.

So ORDERED and SIGNED, Feb 04, 2021.

                                                                                                           Ron Clark  
                                                                                                            Senior Judge